**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **GEORGE W. PITTS, JR.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 4:22-cv-00045-CDL-MSH** |
| **Warden AMIEE SMITH,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## ORDER

Petitioner George W. Pitts, Jr., has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his May 19, 2004, conviction and sentence in the Chattahoochee County Superior Court.   Pet. for Writ of Habeas Corpus 2, ECF No. 1.   A review of this Court's records reveals that Petitioner has previously filed a federal habeas corpus petition challenging this same conviction, which was dismissed in 2010.   *See* Order Adopting R. & R., *Pitts v. Davis*, Case No. 4:09-cv-00142-CDL-TQL (M.D. Ga. Oct. 7, 2010), ECF No. 34.

"Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).   The instant Petition is considered successive within the meaning of § 2244(b).   Moreover, it does not appear, and Petitioner does not allege, that a three-judge panel of the

Eleventh Circuit Court of Appeals has authorized this Court to consider a successive habeas petition for his 2004 conviction.   Without such an order, this Court lacks jurisdiction to consider the successive claims.   *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

The Court therefore **DISMISSES** the petition without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).   The Court also **DIRECTS** the Clerk to furnish Petitioner with the application form required by the Eleventh Circuit.[1]

**SO ORDERED** and **DIRECTED**, this 14th day of March, 2022.

 S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1]"[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)).   Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.